Filed 9/13/23  P. v. Carlton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C096635 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F3103) |
| v. | |
| RALPH WILLIAM CARLTON, | |
| Defendant and Appellant. | |

Defendant Ralph William Carlton was convicted in 2010 of sex offenses and sentenced to 25 years to life plus six years.  He now appeals from the trial court's June 2022 order denying his petition for recall and resentencing pursuant to Penal Code former section 1170.91.[1]  The trial court reasoned defendant was ineligible for relief because he had been sentenced to an indeterminate term.  Citing recent amendments to section 1170.91 that went into effect on January 1, 2023, and enable those sentenced to

---

[1] Undesignated statutory references are to the Penal Code.

1

indeterminate terms to seek relief (Sen. Bill No. 1209 (2021-2022 Reg. Sess.); Stats. 2022, ch. 721, § 1), defendant asks us to remand the matter for resentencing.

The People respond that the recent amendments are prospective only. Alternatively, the People argue defendant is ineligible for resentencing under section 1170.91, subdivision (c), which states that section 1170.91 does not apply to a person who has been convicted of a super-strike offense (§ 667, subd. (e)(2)(C)(iv)) or an offense requiring registration as a sex offender (§ 290, subd. (c)).  Because the recent amendments to section 1170.91 are only a partial repeal of an existing statutory right or remedy, we conclude that we must apply the current version of the statute, which renders defendant ineligible for relief.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, defendant molested his minor stepdaughter and her friend.  He was convicted of committing a lewd and lascivious act on a minor.  Defendant again molested his stepdaughter in 2010, this time when she was an adult.  He was convicted of genital penetration with a foreign object and three counts of sexual battery by unlawful restraint. The trial court found true he was a habitual sexual offender and sentenced him to prison for 25 years to life plus six years and ordered him to register as a sex offender.  We affirmed that judgment.  (*People v. Carlton* (Mar. 15, 2012, C067749) [nonpub. opn.].)

In August 2021, defendant filed a petition for recall and resentencing.  Defendant declared he had served in the military from 1986 to 1992 and had a difficult time readjusting to civilian life.  He had attempted suicide and, due to his military service, was suffering from mental illness, posttraumatic stress disorder, and substance abuse.  At the time of his crimes, he was smoking marijuana daily and taking over 100 opioid pills each month.  He had been a hard worker prior to his military service, and he was now remorseful and participating in substance abuse programs.

2

In June 2022, the trial court denied defendant's petition. Citing *People v. Estrada* (2020) 58 Cal.App.5th 839, the trial court reasoned that defendant was ineligible for relief because he had been sentenced to an indeterminate term.

## DISCUSSION

### 1. History of section 1170.91

Enacted in 2014, section 1170.91 originally required courts engaged in determinate sentencing to consider as mitigating factors certain conditions that defendants might be suffering due to their military service. (Former § 1170.91, added by Stats. 2014, ch. 163, § 2, eff. Jan. 1, 2015.) These conditions include sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, and mental health problems. (*Ibid.*)

In 2018, the Legislature amended section 1170.91 to add retrospective relief for defendants sentenced prior to 2015 who suffered one of the qualifying conditions as a result of their military service. (Former § 1170.91, subd. (b), as amended by Stats. 2018, ch. 523, § 1.) This provision applied only to defendants who had been sentenced to determinate terms. (*People v. Estrada, supra*, 58 Cal.App.5th at p. 843.)

Section 1170.91 was amended again in 2022, expanding eligibility under subdivisions (a) and (b) to those who were serving (or being sentenced to) indeterminate sentences or who had been sentenced after January 1, 2015. (Sen. Bill No. 1209 (2021-2022 Reg. Sess.); Stats. 2022, ch. 721, § 1, eff. Jan. 1, 2023.) The amended section 1170.91, subdivision (b) continued to state that the "subdivision shall apply retroactively." (§ 1170.91, subd. (b)(10); see also former § 1170.91, subd. (b)(1)(B).) However, the Legislature also *restricted* eligibility by adding subdivision (c) that states, "[t]his section does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or an offense requiring registration pursuant to [section 290, subdivision (c)]." (§ 1170.91,

subd. (c).)  Those who, like defendant, have been convicted pursuant to sections 288 or 289 are required to register as sex offenders.  (§ 290, subd. (c)(1).)

2.  Analysis

Defendant argues remand for resentencing is necessary because the recent amendments to section 1170.91 mean he is no longer ineligible for relief based on his indeterminate sentence.  Defendant also responds to the People's argument that he is ineligible for relief under section 1170.91, subdivision (c) because he was convicted of offenses that require registration as a sex offender.  His response is that while subdivision (b) states that "[t]his subdivision shall apply retroactively" (§ 1170.91, subd. (b)(10)), subdivision (c) is silent on the matter.  As such, defendant argues, the Legislature made clear its intent that *only* subdivision (b) applies retroactively to nonfinal cases like his.

This same question was recently considered in *People v. Sherman* (2023) 91 Cal.App.5th 325 (*Sherman*).  The defendant there sexually assaulted five different women and was convicted of multiple sexual offense charges.  He was sentenced to 123 years to life and was required to register as a sex offender.  (*Id.* at pp. 328, 333.)  In 2020, the defendant filed a motion for recall and resentencing under section 1170.91, arguing he suffered substance abuse problems as a result of his military service.  The trial court denied the defendant's motion because it found no connection between his mental health issues and his commission of the sex offenses.  (*Id.* at pp. 328-329.)  On appeal, the People argued the defendant was categorically ineligible for relief under the newly adopted section 1170.91, subdivision (c) because he was convicted of offenses that required him to register as a sex offender.  (*Id.* at p. 330.)  The defendant responded that the statute's plain language meant that the retroactivity provision of section 1170.91 applies only to subdivision (b), and not subdivision (c).  (*Id.* at p. 332.)  The appellate court agreed with the People.  (*Id.* at p. 330.)

4

As the *Sherman* court explained: " 'The repeal of a statutory right or remedy . . . presents entirely distinct issues from that of the prospective or retrospective application of a statute.' [Citation.] 'Where, as here, the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns . . . .' [Citation.] This rule also applies to a partial repeal of an existing statutory right or remedy. [Citation.] 'The justification for this rule is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time.' " (*Sherman, supra*, 91 Cal.App.5th at pp. 330-331.)

Noting that the rule has been "applied to the repeal of a statutory provision designed to ameliorate criminal punishment," the *Sherman* court held that the rule applied to the recent amendments to section 1170.91. (*Sherman, supra*, 91 Cal.App.5th at p. 331.) Section 1170.91 is a remedial statute intended to permit the trial court to ameliorate a potentially excessive sentence for those who may suffer a qualifying condition due to their military service. In adding subdivision (c) to section 1170.91, the Legislature took away the possibility of relief for certain groups of defendants who had previously been eligible, thereby "effectively accomplish[ing] a partial repeal of the statute." (*Ibid.*) Because the defendant was asserting a purely statutory right to be resentenced, he had no vested right to resentencing, and the appellate court was required to apply the *current* version of section 1170.91 in resolving his appeal, "including the carve-out in subdivision (c)." (*Id.* at pp. 331-332.) Given that the defendant was categorically ineligible for relief under the current version of section 1170.91, the appellate court affirmed. (*Id.* at pp. 333-334.)

We agree with *Sherman*. Defendant here was asserting a purely statutory right to be resentenced, and he had no vested right to resentencing. So we must apply the current version of section 1170.91 in resolving his appeal. Pursuant to section 1170.91,

subdivision (c), defendant is ineligible for relief because he was convicted of crimes that require him to register as a sex offender.

## DISPOSITION

The trial court's denial order is affirmed.


          /s/
          MESIWALA, J.


We concur:


  /s/
KRAUSE, Acting P. J.


  /s/
BOULWARE EURIE, J.